■ THOMAS P. NECRASON et al., Appellants, v LAURA AVERY, Respondent.—Appeals (1) from an order of the Supreme Court (Plumadore, J.), entered October 24, 1990 in Franklin County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint, and (2) from the judgment entered thereon.

We reject plaintiffs' contention that Supreme Court erred in dismissing the complaint for want of personal jurisdiction due to a failure of service. It is true that defendant's son-in-law completed the affidavit of service wherein he stated that he personally delivered the summons to the person he knew to be defendant at defendant's address. Plaintiffs' attorney had requested that he do so apparently under the impression that defendant was in poor health. At the hearing on defendant's motion, however, the son-in-law testified that while he filled out the form, he misunderstood the cover letter from plaintiffs' attorney requesting that he serve defendant and instead forwarded the summons to defendant's insurance carrier without ever serving it on defendant. Although a proper affidavit of service is generally sufficient to support a finding of jurisdiction, it may be rebutted by sworn testimony denying that service was ever accomplished *(see, De Zego v Donald F. Bruhn, M.D., P. C.,* 67 NY2d 875; *Frankel v Schilling,* 149 AD2d 657). Here, the son-in-law's testimony, which plaintiffs failed to rebut with any additional evidence, was sufficient to overcome any presumption of regularity that the affidavit of

service may have enjoyed *(see, De Zego v Donald F. Bruhn, M.D., P. C., supra)*. Plaintiffs' remaining contentions have been considered and rejected as lacking in merit.

Mikoll, J. P., Yesawich Jr., Levine, Mercure and Crew III, JJ., concur. Ordered that the order and judgment are affirmed, with costs.